IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:08cr219-MEF |
| | ) | (WO) |
| LUKE LEWIS MELTON, III | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

On April 23, 2009, Luke Lewis Melton, III ("Melton") filed a motion to suppress all evidence seized during an allegedly unconstitutional search of his pickup truck. (Doc. # 21). Melton asserts that, pursuant to *Arizona v. Gant*, 129 S.Ct. 1710, 2009 WL 1045962 (April 21, 2009) (No. 07-542), Montgomery City Police Corporal Eric Morris ("Morris") did not have the authority to search his vehicle because he was arrested, secured in the patrol car and unable to access the car. (Mot. to Suppress at 1). On July 9, 2009, the court held an evidentiary hearing on the defendant's motion to suppress. Based on the evidence presented during that hearing, the court concludes that the motion to suppress is due to be denied.

**II. FACTS**

There is no dispute about the facts. At approximately midnight on February 9, 2008, Morris and Officer Webster ("Webster") were on patrol in a marked police car. (Evid. Hr'g Tr. at 5-6). Morris executed a traffic stop after he witnessed Melton change lanes and turn into a gas station without using the turn signal. (*Id*. at 6). Before Melton got out of his car,

he reached towards the glove compartment. (*Id*).

Morris approached Melton's vehicle and asked Melton for his driver's license, registration and proof of insurance. (*Id.* at 7). Melton had identification but no driver's license. When asked, Melton told Morris that he was carrying a weapon. (*Id.*). Morris asked Melton to step out of the car, and Morris "retrieved the weapon" from Melton's waistband. (*Id.*) Melton admitted that he did not have a permit to carry the firearm. (*Id*. at 8) Morris informed Melton that he was under arrest for carrying a pistol without a permit. (*Id.*) Melton was taken into custody, handcuffed and placed in the back seat of the patrol car. (*Id.*)

When Morris arrested Melton, he also impounded the vehicle. (*Id*. at 10). Therefore, consistent with departmental regulations, a wrecker service was called to transport the vehicle from the gas station to an impoundment lot. In accordance with the City's impounded vehicle policy and before the wrecker arrived, Morris conducted an inventory search of Melton's car. (*Id*. at 10-12). During the search, Morris found crack cocaine and marijuana. (*Id*. at 8-9).

### III. DISCUSSION

The Fourth Amendment protects "against unreasonable searches and seizures." U.S. CONST. AMEND IV. There is no dispute that Morris' initial traffic stop of Melton was consistent with the Fourth Amendment. "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic

2

violation has occurred." *Whren v. United States,* 517 U.S. 806, 810 (1996). *See also*, *United States v. Pruitt,* 174 F.3d 1215, 1217, fn. 1 (11th Cir. 1999) ("We agree that, because . . . a traffic violation had thus occurred, probable cause existed for the stop. Accordingly, the stop was reasonable for purposes of the Fourth Amendment and withstands review."). A police officer "may stop a vehicle when there is probable cause to believe that the driver is violating any one of the multitude of applicable traffic . . . regulations relating to the operation of motor vehicles." *United States v. Cooper*, 133 F.3d 1394, 1398 (11th Cir. 1998) (quoting *United States v. Strickland*, 902 F.2d 937, 940 (11th Cir. 1990)). The undisputed evidence demonstrates that Morris stopped Melton's vehicle after he witnessed Melton change lanes without signaling. Consequently, Morris had probable cause to believe that Melton had committed a traffic violation.

When Morris asked if Melton had any weapons, Melton admitted that he had a firearm. ALA CODE § 13A-11-73 prohibits a person from "carry[ing] a pistol in any vehicle or concealed on or about his person, except on his land, in his own abode or fixed place of business, without a license . . . ." It is undisputed that Melton did not have a license to carry the firearm. Consequently, Morris had probable cause to arrest Melton for violation of ALA CODE § 13A-11-73.

When Morris arrested Melton, he impounded Melton's car and searched it pursuant to the Montgomery City Police Department's Impounded Vehicles policy. *See* Gov't Ex. 3. Thus, the determinative issue before the court is whether Morris' warrantless, inventory

3

search of Meltons' vehicle violated the Fourth Amendment's prohibition on warrantless searches. The Supreme Court has held that searches and seizures conducted absent a search warrant granted by a judicial officer are per se unreasonable under the Fourth Amendment, unless they fall within a limited set of well-defined exceptions. *Katz v. United States*, 389 U.S. 347, 357 (1967). One well-defined exception to the warrant requirement is an inventory search. *See South Dakota v. Opperman,* 428 U.S. 364 (1976); *Illinois v. Lafayette*, 462 U.S. 640 (1983); *Colorado v. Bertine*, 479 U.S. 367 (1987); *Florida v. Wells*, 495 U.S. 1 (1990). The court concludes that the search of Melton's vehicle falls within the inventory search exceptions to the warrant requirement.[1]

"To uphold a warrantless search under the inventory search doctrine, the police first must have the authority to impound the vehicle and then must follow the procedures outlined in the policy." *United States v. McCalla*, 286 Fed. Appx. 610, 611 (11th Cir., 2008) (NO. 07-13714). *See also United States v. Crawford*, 294 Fed. Appx. 466, 472 (11th Cir. 2008) (NO. 08-10240); *United States v. Williams*, 936 F.2d 1243, 1248 (11th Cir. 1991). In *Sammons v. Taylor*, 967 F.2d 1533 (11th Cir. 1992), the court defined the parameters of this exception as follows:

> Even if an arrestee's vehicle is not impeding traffic or otherwise presenting a hazard, a law enforcement officer may impound the vehicle, so long as the decision to impound is made on the basis of standard criteria and on the basis

---

[1] The court pertermits discusssion of Melton's argument that *Arizona v. Gant*, 129 S.Ct. 1710, 2009 WL 1045962 (April 21, 2009) (No. 07-542), prohibited the search as incident to his arrest because he was secured in the back of the patrol car during the search.

>of "something other than suspicion of evidence of criminal activity." If the vehicle has been lawfully impounded, the law enforcement officer may conduct an inventory search, including a search of closed containers, provided the search is conducted pursuant to standardized criteria.

*Id.* at 1543. Moreover, "if an inventory search is otherwise reasonable, its validity is not vitiated by a police officer's suspicion that contraband or other evidence may be found" inside the vehicle. *United States v. Grossman*, 233 Fed. Appx. 963, 968 (11th Cir. 2007) (NO. 06-15750) (quoting *United States v. Staller*, 616 F.2d 1284, 1290 (5th Cir. 1980)). Three interests justify this exception, "namely (1) protection of the owner's property that might be in the car, (2) protection of the police from false claims of lost possessions, and (3) protection of the police from potential danger." *Id*.

During the suppression hearing, Corporal Morris testified that the police are required to impound a vehicle when the driver is arrested. (Evid. Hr'g Tr. at 10). After determining that Melton did not have a license to carry a firearm, Corporal Morris arrested Melton. The officers called a wrecker to impound Melton's car. Pursuant to the Impounded Vehicles policy, Morris was required to then conduct an inventory search. *See* Gov't Ex. 3. Consequently, Morris' decision to impound and search the vehicle was made on the basis of standard criteria. *See Sammons*, *supra*; *Grossman*, *supra*. *See also Michigan v. Thomas*, 458 U.S. 259, 261-62 (1982) (holding that officers were justified in conducting an inventory search of vehicle where respondent was placed under arrest and the other occupant of the car was too young to legally drive).

5

Melton argues that Morris should have permitted him to make alterative arrangements for transportation of the vehicle and that Morris should not have impounded the car. He points the court to no authority in support of this proposition, and in fact, the case law directly contradicts his position. "*Bertine* does not support Sammons' argument that police – as a constitutional matter – must give a driver an opportunity to make his . . . own disposition of the vehicle, provided it is not presenting a hazard." *Sammons*, 967 F.2d at 1541.

In short, the impoundment of the vehicle was proper because it was made on the basis of standard criteria and not on suspicion of criminal activity. The regulations under which Morris operated required impoundment of the vehicle, and his decision to conduct the inventory search and the manner in which he conducted it was reasonable. Consequently, Morris' search was permissible under the inventory-search exception to the warrant requirement.

## CONCLUSION

For the reasons as stated, the court finds that the defendant's rights secured by the Fourth Amendment were not violated by the inventory search.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion to suppress be denied. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **July 28, 2009.** Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of July, 2009.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE